EARNEST GILBERT v. STATE.

No. A-5204.  Opinion Filed Nov. 23, 1925.
(240 Pac. 758.)

J. Q. A. Harrod, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.  The information in this case charges that on the 19th day of August, 1923, in Oklahoma county, Earnest Gilbert did then and there have in his possession and under his control about 10 cubes of morphine, the same being more than one dose; said defendant not being a li-

censed physician, or authorized under the laws of the United States or state of Oklahoma to administer said narcotic drugs.

On the trial the jury returned a verdict finding the defendant guilty as charged in the information and fixing his punishment at imprisonment in the penitentiary for the term of three years and a fine of $500. From the judgment and sentence rendered on the verdict on December 11, 1923, an appeal was perfected by filing in this court June 9, 1924, a petition in error with case-made.

The defendant is not represented by counsel in this court, and no brief in support of the assignments of error has been filed. However, we have carefully considered them, but find it unnecessary to discuss the same, since we are convinced that no prejudicial error occurred in the admission of evidence or in the giving of instructions, and to which no objection was made or exception reserved.

The evidence shows that three police officers in a Ford car saw the defendant and two others driving west on Grand avenue, and dropped in behind them; that as they turned the corner a box was thrown from the car in which the defendant was riding. The officers found the box, but left it lying there. Shortly after the defendant and another man returned, the car stopped, and the defendant Gilbert got out and walked over to the box, picked it up, and started back to the car. The officer called to him to stop, and he threw down the box, which was found to contain 5 cubes of morphine. Officer Brigman testified that on the way to the police station the defendant said to him, "Let me change that to starch, and I will make it right with you."

C. E. Clifford, chemist, testified that on his analysis of the contents of the box he found it to be morphine, and that each cube contained 15 grains.

As a witness in his own behalf the defendant testified that he was riding with Otis Scruggs and another boy; that they stopped before they reached the place the officers made the arrest, and Otis got out to see something about the car; that they went another block, and Scruggs told him to get out and see if he was out of gas, and he got out and picked up a stick, and before he could get back in the car with the stick an officer had a pistol on him; then the officer picked up a box and told us to drive him to the station; that he did not ask the officer to let him substitute starch for whatever there might be in the box. His cross-examination showed that he had been convicted in the federal court for selling narcotics.

We think the testimony without any doubt is ample to sustain a conviction, and, there being no material error shown by the record, the judgment appealed from will be affirmed.

BESSEY, P. J., and EDWARDS, J., concur.